**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

V.                    CASE NO. 4:15CR00198-3 JM

**JAVANDER WILLIAMS**

## ORDER

Pending is the Defendant's motion for reconsideration of the Court's order denying his motion seeking compassionate release under the First Step Act. (Docket #180). Also pending is the Defendant's motion for inclusion of exhibits. (Docket #181). The motion for inclusion of exhibits is GRANTED.

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, in order to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i),

Williams must both meet the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence. On April 21, 2020 the Court denied the Defendant's motion for compassionate release finding that he had failed to comply with the exhaustion requirement and failed to demonstrate extraordinary and compelling reasons to modify his sentence.

Williams asks the Court to reconsider its Order arguing that he has now tested positive for COVID -19. Further, Defendant asserts that he has exhausted his administrative remedies because his request for compassionate release to the Warden has been denied. The Court lacks authority to act on the defendant's motion for compassionate release at this time.

The defendant filed administrative requests for compassionate release to the Warden at the facility where he is incarcerated, the requests were denied on May 1 and May 26, 2020. However, there is no indication that the defendant appealed the Warden's denial to the BOP "Regional Director within 20 days of the date the Warden signed the response" as required by 28 C.F.R. § 542.15(a). Had the defendant appealed to the BOP Regional Director and been denied, he would have had the administrative right to appeal that denial to the BOP General Counsel. 28 C.F.R. § 542.15(a). "Appeal to the General Counsel is the final administrative appeal." *Id*. The defendant has not exhausted all administrative appeals in the multi-stage administrative appeal process.

For these reasons, the motion for reconsideration, docket # 180, is DENIED without prejudice.

IT IS SO ORDERED this 17th day of June, 2020.

_____
James M. Moody Jr.
United States District Judge