IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                          4:15-CR-00198-03-JM

JAVANDER WILLIAMS

### ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 190) is DENIED.

**I.   BACKGROUND**

On August 30, 2017, Defendant pled guilty to distribution of methamphetamine actual.[1] On July 31, 2018, he was sentenced to 84 months in prison.[2]

**II.  DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4]

---

[1] Doc. Nos. 97, 98.

[2] Doc. Nos. 148, 149.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

Defendant requested compassionate release, and that request was denied. His appeal was denied on March 12, 2021. Accordingly, the issue is properly before this Court.

Defendant seeks compassionate release because he previously contracted COVID-19 and has continued to suffer symptoms and he also has had other unidentified health conditions that have resulted in his immune system being compromised. First, these health condition are not "extraordinary and compelling" reasons warranting release. Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5] Defendant's health conditions are not listed. Furthermore, Defendant has provided no argument or evidence that his health conditions cannot be controlled with medication or that they prevent him from independently functioning within the prison. Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[6]

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

---

[5]Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

Since age 16, Defendant has thirteen prior convictions. They include break-and-entering, five convictions for possession of controlled substances, and three convictions for possession with intent to deliver controlled substances, which is the same behavior as the instant offense.

The severity of the instant offense also must be considered. Federal agents were investigating drug trafficking around Osceola, Arkansas. Another drug dealer directed a confidential informant to Defendant. The confidential informant purchased 26.5166 grams of methamphetamine actual from the Defendant.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 190) is DENIED.

IT IS SO ORDERED, this 3rd day of May, 2021.

_____
UNITED STATES DISTRICT JUDGE